MATTHIAS SCHULTER *et al.*, Respondents, *v.* THE AMERICAN CENTRAL INSURANCE COMPANY, Appellant.

### February 28, 1876.

Where there is no question of fraud, it is not error to refuse to instruct the jury. in a suit on a policy of fire insurance, that the matters sworn to by the assured in his examination by the agent of the company, after the fire, according to the provisions of the policy, were presumptively true for the purposes of the case at bar.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Rankin & Hayden*, for appellant, cited: Hoffman *v.* Western Mutual Ins. Co., 1 La. An. 216.

*E. Peacock* and *Cline, Jamison & Day*, for respondents, cited: Marion *v.* Ins. Co., 35 Mo. 148; Wells *v.* Halpin, 59 Mo. 93.

BAKEWELL, J., delivered the opinion of the court.

Plaintiffs sue to recover the amount of a policy of insurance covering their stock in trade, being wines and liquors.

The answer admits the insurance, and, after denying the other material allegations in the petition, alleges that the greater part of the goods insured were abstracted and disposed of in such a manner as not to be consumed or injured in a way to make defendant responsible. On the trial the plaintiffs offered evidence tending to show that the whisky in question had been destroyed by an accidental fire; that the heat was excessive; that a considerable number of the barrels in the first and second stories were totally destroyed, and that the missing whisky, in the barrels that remained, evaporated, or was otherwise destroyed by fire. Defendant admitted, on the trial, that the fire had occurred at the time and under the circumstances alleged, and that a considerable portion of the goods had been destroyed by fire, defendant contending only that a large quantity of whisky, which the plaintiffs claimed had been destroyed by fire, was not so destroyed, but that this part of the stock, amounting to several thousand dollars in value, had been, as alleged in the amended answer, abstracted and removed before the fire took place; and defendant introduced evidence tending to prove these facts. It appeared that, just after the fire, Dewey, an agent of the insurance company, had visited the premises with Schroeder, the husband of a woman beneficially interested in the property, and whose trustee is one of the plaintiffs, and Schulter, the other plaintiff, was with them. These three men, from the appearance of things, came to the conclusion amongst themselves that some one had, just before the fire, entered the store, removed or poured on the floor a large portion of the liquors, and then fired the store. Upon Dewey telling Schroeder and Schulter that he wanted their affidavits, under that clause of the policy which provided for statements or examinations of the assured after a loss, they made certain

affidavits, which were offered in evidence by the defendant on the trial.

The affidavit of Schulter, so far as it relates to the loss, is in these words : " I visited the store first, after the fire, Monday morning, 20th inst., between eight and nine o'clock. I entered the store, and I then discovered that the bungs were out of most of the barrels. These bungs were in the barrels when I left the store on Saturday. I think the store was set on fire. I believe that some person unknown to me took the hose and drew the liquor from the barrels, permitting it to run on the floor. We kept hose in the store for the purpose of drawing liquor out of the barrels. The barrels were all in the right position, the same as usual, with the bung-holes up, on Monday morning, with some exceptions. It would have been impossible for the liquor to get out, if not drawn out, in the position we found the barrels."

Both Schroeder and Schulter were examined as witnesses, on the trial, and gave evidence tending to contradict these statements in the affidavit of Schulter and similar statements in the affidavits of Schroeder. They swore that they did not read the affidavits before swearing to them, and that these affidavits, in some respects, were incorrect statements of what they had said to Dewey ; that Dewey reduced their statements to writing ; that the statements made to Dewey were in the form of questions and answers, and that Dewey had reduced them to narrative form, and interpolated into the affidavits things they had not said. Dewey swore that the affidavits were correct statements of the answers of Schroeder and Schulter, though not word for word what they said ; that both affidavits were read to the affiants before they were signed and sworn to by them.

The defendant asked the following instruction, which was refused :

" The jury are instructed that, by the terms of the policy offered in evidence, it is provided and made one of the conditions thereof that the assured shall, if required, sub-

mit to an examination or examinations, under oath, by any person appointed by the company, and subscribe to such examinations when reduced to writing. If the jury believe from the evidence that the witness Dewey was by the defendant, under the provision of the policy, appointed to take the examinations, under oath, of the plaintiff Schulter, and so told Schulter, at the time, he was so taking his examination under said provision, and that, in the examinations taken, said Schulter stated and made oath to certain material matters, then the matters so made oath to by said Schulter are presumptively true and correct for the purposes of the present case, and the burden is on the plaintiffs to show they are incorrect and not founded in fact.''

To the action of the court in refusing this instruction defendant excepted.

There was a verdict and judgment for plaintiffs for the whole amount claimed, and, a motion for new trial having been overruled, and all exceptions saved, the case is brought to this court by appeal.

The only error complained of by appellant is the refusal of the instruction just set forth.

We see no error in the refusal of this instruction.

The affidavit of Schulter was in evidence, and it was for the jury to pass upon the whole evidence in the case. The burden of proof was on the plaintiffs, and the court so declared to the jury, in the instructions given at the instance of defendant.

In *Hoffman* v. *Western Marine and Fire Insurance Company*, 1 La. An. 216, it was held, in an action on a policy of fire insurance, providing for forfeiture of all claims in case of false swearing by the assured, that, in case of a difference between the losses sworn to by the assured in his affidavit, and the amount proved on trial, it was for the plaintiff to show that this difference was the result of error and not of fraud; but there the plaintiff was charged with setting fire to the building. In the case before us there is no charge of fraud

in the pleadings, and nothing in the evidence to warrant such a suspicion. It was for the jury to pass upon the weight of the evidence, and it was not error for the trial court to refuse to single out this affidavit and tell the jury that it created a presumption in favor of defendant. As a comment upon a particular portion of the evidence, such an instruction would have had a tendency to mislead. *Jones* v. *Jones*, 57 Mo. 138.

It might well be that Schulter, on entering his store after this fire, from the appearance of things, formed a hasty opinion that the bungs had been maliciously removed from the barrels and the whisky extracted; and that afterwards, on investigation, he became convinced that the bungs were forced out, and that the liquor escaped by the effect of the intense heat. The whole testimony is not set out in the record. But it appears that the jury were satisfied from the evidence that the liquor was all there when the store burned. They were the judges of the facts, and the affidavit of Schulter was one element in the case properly submitted to their consideration. It was no error in the trial court to refuse to declare to the jury that the matters stated in it were presumptively correct. The judgment of the Circuit Court is affirmed. The other judges concur.